# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF
# IOWA CENTRAL DIVISION

| | |
|---|---|
| JIM M. ROSENBALM AND KATHLEEN M. ROSENBALM,<br><br>PLAINTIFFS,<br><br>vs.<br><br>RICHARD J. BOUDREAU & ASSOCIATES, LLC,<br><br>DEFENDANT. | **Civil Action No.**<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES the Plaintiffs, Jim M. Rosenbalm ("Plaintiff" or "Jim") and Kathleen M. Rosenbalm ("Plaintiff" or "Kathy") by and through their attorney, L. Ashley Zubal, and for their Complaint against the Defendant, Richard J. Boudreau & Associates, LLC (hereinafter "Defendant" or "RJB"), alleges as follows:

## I.   INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.   JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III.   PARTIES

3. Plaintiff, Jim M. Rosenbalm, is a natural person residing in Polk County, Iowa.

4. Plaintiff, Kathleen M. Rosenbalm, is a natural person residing in Polk County, Iowa.

5. Defendant, Richard J. Boudreau & Associates, LLC, is a business engaged in the collection of debts owed to another in the state of Iowa.

6. Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiffs are alleged "debtors" as that term is defined by Iowa Code § 537.7102(6).

7. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

8. At some point in time, the Plaintiff, Jim, incurred a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3), to CitiFinancial, Inc., which was used for personal, family, or household use.

9. Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection.

10. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## IV.   FACTUAL ALLEGATIONS

11. During the first week of August, 2010, the Plaintiff, Kathy, received a call from a representative of Defendant, "Ms. Cassidy," who was calling in an attempt to collect a debt. The representative requested to speak with Mr. Rosenbalm. The Plaintiff, Kathy, explained that her husband was unavailable to speak. Kathy attempted to provide Ms. Cassidy with her attorney's name and contact information. Ms. Cassidy acknowledged that she had the attorney information but refused to contact Kathy's attorney. Ms. Cassidy stated that she would not do Kathy's job for her and hunt down her attorney. Ms. Cassidy expressed that Kathy's attorney must not be doing his job since the Rosenbalm's bankruptcy was dismissed. Kathy requested Ms. Cassidy contact her attorney as she was still being represented. Ms. Cassidy stated she would continue to call until payment was arranged. Kathy expressed that they were only currently receiving social security and could not afford to make payments. Ms. Cassidy stated that the Defendant would continue to pursue payment on the account.

12. Over the course of approximately two weeks subsequent to the initial communication, Ms. Cassidy continued to call the Plaintiff multiple times a week. Kathy attempted to provide Ms. Cassidy with her attorney's name and contact information numerous times. Kathy also

represented in almost every call that she and Jim were only receiving social security income and could not afford to make payments. Ms. Cassidy would regularly raise her voice to Kathy and state that unless she made payment arrangements, suit would be filed against her and Jim. Ms. Cassidy repeatedly accused Kathy of "not cooperating." Ms. Cassidy refused to take the Plaintiff's attorney information. In each communication with Kathy, Ms. Cassidy failed to state the call was from a debt collector and any information would be used for that purpose.

13. During the last week of August, 2010, the Plaintiff, Kathy, received several telephone calls from the Defendant. When she would pick up the phone she would hear a click, click, click and then the phone would hang up.

14. On or about September 01, 2010, the Plaintiff, Kathy, received a telephone call from a male representative of Defendant. Kathy asked what the representative was calling about and the representative responded, "I'm calling about Citi you know that!" The representative immediately accused Kathy of repeatedly hanging up on them. Kathy stated that she would pick up with no response and after a few seconds the phone would go dead. The representative requested that payment arrangement be made. Kathy attempted to provide her attorney's name and information. The representatives refused to take the information. The representative stated that he would give Kathy one more chance and then they would file against her and Jim. The representative then hung up on Kathy. The representative failed to state the call was from a debt collector and any information would be used for that purpose.

15. The Defendant has continued to contact the Plaintiffs in an attempt to collect a debt.

16. The acts and omissions by Defendant's agents/employees were incidental to or of the same general nature, as the responsibilities Defendant, RJB authorizes its agents to perform in collecting consumer debts.

17. In committing these acts and omissions against the Plaintiffs, Defendant RJB's agents/employees were motivated to benefit their principal, Defendant RJB.

18. The Defendant, RJB is therefore liable to the Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions of its agents/employees conducted in violation of state and federal law, including but not limited to violations of the FDCPA and the IDCPA.

19. As a direct and proximate result of Defendant's illegal collection tactics and harassing behavior, Plaintiffs have sustained the following actual damages including, but not limited to: frustration, anger, fear, loss of sleep, anxiety and stress.

## V.  PLAINTIFF, JIM M. ROSENBALM'S FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

20. The Plaintiff, Jim, incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. RJB and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

   a. The Defendant violated 15 U.S.C. § 1692c(a)(2) by continuing to attempt to collect a debt from the Plaintiff when the collector knows the Plaintiff is represented by an attorney and has knowledge of, or can readily ascertain the attorney's name and contact information.

   b. The Defendant violated 15 U.S.C. § 1692d(5) by engaging in behavior the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

   c. The Defendant violated 15 U.S.C. § 1692e(5) through a misrepresentation or threat to take any action that cannot legally be taken or that is not intended to be taken.

   d. The Defendant violated 15 U.S.C. § 1692e(10) through the use of false representation or deceptive means to collect or attempt to collect any debt.

   e. The Defendant violated 15 U.S.C. § 1692e(11) by failing in the initial communication and all subsequent communications with the debtor that the communication is from a debt collector and any information will be used for that purpose.

   f. The Defendant violated 15 U.S.C. § 1692f through the use of unfair or unconscionable means to collect or attempt to collect a debt.

22. The Plaintiff is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

23. The Plaintiff is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

24. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

**WHEREFORE,** the Plaintiff prays that judgment be entered against the Defendant, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

### VI. THE PLAINTIFF, JIM M. ROSENBALM'S SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

25. The Plaintiff, Jim, incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. RJB and its agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

   a. The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692c(a)(2); 1692d(5); 1692e(5); 1692e(10); 1692e(11); and 1692f.

   b. The Defendant violated Iowa Code § 537.7103(2)(d) by causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously or at unusual hours or times known to be inconvenient, with intent to annoy, harass or threaten a person.

   c. The Defendant violated Iowa Code 537.7103(4)(b) by failing in the initial communication and all subsequent communication with the debtors that the communication is from a debt collector and any information would be used for that purpose.

   d. The Defendant violated Iowa Code 537.7103(5)(e) by continuing to attempt to collect a debt from the Plaintiff when the collector knows the Plaintiff is represented by an attorney and has knowledge of, or can readily ascertain the attorney's name and contact information.

27. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

28. The Plaintiff is entitled to actual damages for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

29. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to § 537.5201(8).

**WHEREFORE,** the Plaintiff prays that judgment be entered against the Defendant, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

### VII. PLAINTIFF, KATHLEEN M. ROSENBALM'S FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

30. The Plaintiff, Kathy, incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. RJB and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

   a. The Defendant violated 15 U.S.C. § 1692c(a)(2) by continuing to attempt to collect a debt from the Plaintiff when the collector knows the Plaintiff is represented by an attorney and has knowledge of, or can readily ascertain the attorney's name and contact information.

   b. The Defendant violated 15 U.S.C. § 1692d(5) by engaging in behavior the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

   c. The Defendant violated 15 U.S.C. § 1692e(5) through a misrepresentation or threat to take any action that cannot legally be taken or that is not intended to be taken.

   d. The Defendant violated 15 U.S.C. § 1692e(10) through the use of false representation or deceptive means to collect or attempt to collect any debt.

    e. The Defendant violated 15 U.S.C. § 1692e(11) by failing in the initial communication and all subsequent communications with the debtor that the communication is from a debt collector and any information will be used for that purpose.

    f. The Defendant violated 15 U.S.C. § 1692f through the use of unfair or unconscionable means to collect or attempt to collect a debt.

32. The Plaintiff is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

33. The Plaintiff is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

34. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

**WHEREFORE,** the Plaintiff prays that judgment be entered against the Defendant, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

### VIII. THE PLAINTIFF, KATHLEEN M. ROSENBALM'S SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

35. The Plaintiff, Kathy, incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. RJB and its agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

    a. The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692c(a)(2); 1692d(5); 1692e(5); 1692e(10); 1692e(11); and 1692f.

    b. The Defendant violated Iowa Code § 537.7103(2)(d) by causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously or at unusual hours or times known to be inconvenient, with intent to annoy, harass or threaten a person.

    c. The Defendant violated Iowa Code 537.7103(4)(b) by failing in the initial communication and all subsequent communication with the debtors that the

      communication is from a debt collector and any information would be used for that purpose.

   d. The Defendant violated Iowa Code 537.7103(5)(e) by continuing to attempt to collect a debt from the Plaintiff when the collector knows the Plaintiff is represented by an attorney and has knowledge of, or can readily ascertain the attorney's name and contact information.

37. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

38. The Plaintiff is entitled to actual damages for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

39. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to § 537.5201(8).

**WHEREFORE,** the Plaintiff prays that judgment be entered against the Defendant, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

### IX.    JURY DEMAND

The Plaintiff prays a trial by jury.

Respectfully submitted,

  /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF